Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
EDMOND DADISHO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND DADISHO,  an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, a federal agency,<br><br>Defendant. | Case No.:  [Case No.] **'24CV0636 H     DEB**<br><br>**COMPLAINT** |

EDMOND DADISHO ("Mr. Dadisho" or "Plaintiff"), by and through his

undersigned counsel, alleges as follows:

1.      This is an action under the Freedom of Information Act ("FOIA" or the

"Act"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief against the

Federal Bureau of Investigations ("FBI" or "Defendant").

2.      Edmond Dadisho ("Mr. Dadisho" or "Plaintiff") is a former Police Chief

with the City of Bell. He worked in law enforcement for 38 (thirty eight) years.

COMPLAINT                                    1                                    [Case No.]

3.      Despite nearly four decades service to our communities, Plaintiff became appalled when the FBI and his employer began casting unwarranted suspicion on him for supposedly supporting the terrorist group Hezbollah.

4.      Mr. Dadisho is a patriot who dedicated his entire career to law enforcement and pro-American positions. He would never support any group opposed to the United States, let alone a terrorist group such as Hezbollah. Plaintiff himself was investigating others for corruption when he himself was targeted.

5.      The City of Bell terminated Mr. Dadisho based on mere innuendo and suspicion.

6.      Since his termination was unsupported, Mr. Dadisho filed a complaint and his "termination" was changed to a "separation" with substantial compensation.

7.      This public records case attempts to shed light on why the FBI was investigating Mr. Dadisho.

8.      Without notice or explanation, Mr. Dadisho found out about the investigation when he received notice *from Google* that the FBI had requested and Google had provided his emails to the FBI.

9.      Mr. Dadisho was shocked that the FBI would obtain his private emails without notification or permission in what appeared to be an illegal search based on false accusations from City of Bell employees.

10.     Mr. Dadisho is unable to explain why the FBI would conduct an illegal search of his email account.

11.     Through public records request, Plaintiff seeks to understand and inform the public about why the FBI would pursue an investigation so obviously down the wrong path. Plaintiff was a police chief with a decades long track record of service of the public. Plaintiff is also a Christian born in Iraq. Plaintiff is appalled by terrorist groups such as Hezbollah. He has no motive to support Hezbollah, but the FBI ignored the facts and investigated him anyway.

12.     Defendant has improperly withheld the records requested by Plaintiff in violation of FOIA and in opposition to the public's strong interest in obtaining access to public documents.

13.     By this action, Plaintiff seeks to compel the FBI to comply with their lawful obligations under FOIA to release the requested records in their possession.

14.     Plaintiff is statutorily entitled to disclosure of these requested records, which it seeks so that it may inform the public about this important issue.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

16.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

COMPLAINT                                    3                                    [Case No.]

**PARTIES**

17.     Plaintiff Edmond Dadisho is an individual residing in this district.

18.     Defendant Federal Bureau of Investigation ("FBI") is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks.

19.     The headquarters of FBI is located at 935 Pennsylvania Avenue, NW. Washington, D.C. 20535-0001.

**FACTUAL ALLEGATIONS**

**The FBI Targets a Small Town Police Chief in a Terrorism Investigation**

20.     Plaintiff learned that he was a target of an FBI investigation for the first time in 2022. On August 11, 2022, Plaintiff received an email *from Google* in his Gmail account stating that his email address had been subpoenaed by the FBI for an ongoing investigation. *See* Exhibit A.

21.     Plaintiff seeks to learn about why he (a patriot in law enforcement) was improperly targeted for a terrorism investigation by the FBI.

22.     Plaintiff, a Christian born in Iraq, believes he was targeted merely for his appearance and/or ethnicity.

23.     Plaintiff believes the investigation was related to when he exposed corruption in the City of Bell.

24.     The DOJ was investigating a previous Mayor of Bell for laundering money to Hezbollah, a group designated by the United States as a terrorist organization. Plaintiff was aware of this FBI investigation by virtue of shared police-FBI task force members.

25.     Plaintiff was about to fire an officer for serious misconduct when he was accused of being involved in illegal donations to the police department. However, Plaintiff disclosed the donations the department received (for police cars) and there was no question that they were legal. Plaintiff obtained no benefit personally.

### Plaintiff's Unlawful Termination as Police Chief of City of Bell

26.     The City of Bell terminated Plaintiff in January of 2017 with no explanation.

27.     Mr. Dadisho (though his attorney) appealed the termination, which was reversed, and a mutual separation agreement was negotiated that included substantial compensation.

28.     The FBI never brought charges related to its investigation of Mr. Dadisho.

### Plaintiff's FOIA Request

29.     On August 18, 2022, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation via the online FOIA portal ("the portal"). The Request stated:

> Any records associated with FBI investigations from 2016 to present involving me. I recently received an email from Google advising me that the FBI had requested my emails.

*See* Exhibit B.

30.    The Request complied with all applicable regulations regarding the submission of FOIA requests.

**Defendant's Treatment of Plaintiff's FOIA Request**

31.    On March 13, 2023, the FBI contacted Plaintiff regarding his request 1557437. The response stated:

The FBI located approximately 20,800 pages, 4 hours of audio, and 1 hour, 37 minutes of video in response. The processing fee agreed upon is $850.00. Audio and video media are released in 30-minute and 15-minute increments per CD, respectively. The request falls into the extra-large track, with an average processing time of 77 months. The FBI suggests considering a reduction in the scope of the request to accelerate processing and reduce costs, and mentions that remaining material can be requested later via a new FOIPA submission, with applicable fees.

*See* Exhibit C.

32.    On March 13, 2024, Plaintiff responded:

"Good morning and thank you for the response. I really don't see how it can take over 7 years to get this information with the vast resources the FBI has. I am a retired police chief and received California freedom of information requests on many occasions and even with our limited resources we were able to get the information out expeditiously.  Nonetheless, how long would

it take just to get the documents? Can we do documents limited for 2016-2018? Will that be quicker? I'll complete another FOIA for the voice and video files.

*See* Exhibit D.

33. On March 14, 2024, the FBI responded by stating:

We understand and appreciate your surprise at learning how long processing your request in full could take, but please understand that the FBI receives thousands of requests each year, and that all material is required to receive a line-by-line FOIA review before it can be released. We appreciate your patience and understanding. Narrowing the request to material from 2016-2018 results in approximately 1097 pages, so still in the large track. We could certainly process up to the first 50 pages for you to place the request in the small track.

*See* Exhibit E.

34. On March 14, 2024, Dadisho responds by stating:

I understand the issue you guys face and appreciate anything you can do to get some of documentation as soon as possible. Please let me know the cost of the first 50 pages and when I can expect them. Once I review them I can make a more informed assessment and if necessary make another FOIA request." *See* Exhibit F.

35.    On March 14, 2024, the FBI responds by stating:

Thank you for your understanding; it's much appreciated. You receive

the first 100 pages at no charge, so the first 50 will be free. We'll process

up to the first 50 beginning in 2016. One heads up, we process at the

document level, meaning that page 50 occurs in the middle of a

document, the page count would end with the last page of the previous

document. We do try to get as close to 50 pages as possible, though. Thank

you also for your willingness to reduce the scope of your request.

*See* Exhibit G.

36.    The FBI also followed up the same day stating "Just wanted to give you a

heads up on something else. The file begins in 2017, so we'll process the first 50 pages

there." *See* Exhibit H.

37.    On April 26, 2023, Plaintiff writes again stating: "Hello, I'm following up

on the first 50 pages of the FOIA request. When can I expect to get the package?" *See*

Exhibit I.

38.    On April 27, 2023, the FBI responded by stating:

Thank you for your inquiry regarding the status of your Freedom of

Information Act/Privacy (FOIPA) request. A review of your request has

determined the following:

The request is presently awaiting assignment to a Disclosure analyst

who will then review the records to determine if any redactions are

required pursuant to subsections of Title 5, U. S. Code, Section 552 and

552a.

*See* Exhibit J.

39.    Having not received the documents as promised in June, Plaintiff wrote again for an update. The FBI responded on July 19, 2024:

Our prior estimated date of completion was based on the best data we

had at the time and represented the median processing time for the size

of the track that request was being processed in. Requests are

processed in the order in which they are received through our multi-track

system. Simple track requests (under 50 pages) require the least

amount of time to process. Generally, the more potentially responsive

pages a request has, the more complex it becomes and the longer it

takes to process. Please remember that the FBI receives a voluminous

amount of requests on a daily, weekly, monthly, and annual basis.

Your updated estimated date of completion is August 2023.

*See* Exhibit K.

40.    Plaintiff tried contacting the FBI's public liaison, but the liaison responded:

Regarding your below inquiry, we conducted an additional review of your

request. We determined that the processing of your request complied with

our standard procedures, and further action is not required. As a result, we

are unable to resolve your dispute.

*See* Exhibit L.

41.     On July 26, 2023, Defendant emailed "Your estimated date of completion

remains the same." *See* Exhibit M.

42.     On August 3, 2023, the FBI sent a letter indicating it had completed

production subject to the asserted exemptions. *See* Exhibit N.

43.     Plaintiff appealed the decision, but the appeal was denied. *See* Exhibit O.

44.     Despite the FBI's initial response stating it had thousands of records,

Defendant produced only one disc with 50 (fifty) pages with practically no information.

Sixteen (16) pages were all redacted (other than Plaintiff's name and one other name).

The other remaining pages were completely redacted.

45.     No further information or communication concerning the Request has been

received or sent by Plaintiff.

46.     As of the date of this filing, Defendant failed to:

   a. produce the requested records or demonstrate that the requested records

      are lawfully exempt from production; or

   b. notify Plaintiff of the scope of any responsive records Defendant intends

      to produce or withhold and the reasons for any withholdings.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**

**Failure to Comply with Statutory Deadlines**

47.    Plaintiff incorporates the foregoing paragraphs herein.

48.    Defendant is a federal agency subject to FOIA.

49.    Plaintiff submitted a request. Through the Request, Plaintiff properly asked for records within the possession, custody and/or control of Defendant.

50.    Defendant failed to make a determination with respect to Plaintiff's Request within the 20-working day deadline required by FOIA. 5 U.S.C. § 552(a)(6)(A).

51.    Plaintiff agreed to a compromise narrowed production, but did not receive those documents either. Those documents were either incomplete or blacked out.

52.    Plaintiff appealed the decision, but the appeal was denied.

53.    Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A); § 552(a)(6)(C).

54.    Plaintiff seeks a declaration stating that Defendant has failed to comply with the statutory timeframe and order Defendant to process the Request within fourteen (14) days.

**SECOND CAUSE OF ACTION**

**Failure to Conduct an Adequate Search**

55.    Plaintiff incorporates the foregoing paragraphs herein.

56.    Defendant is a federal agency subject to FOIA.

57.    Plaintiff properly submitted a FOIA Request to Defendant.

COMPLAINT                                         11                                        [Case No.]

58.     Through the Request, Plaintiff properly asked for records within the possession, custody and/or control of Defendant.

59.     Defendant failed to conduct an adequate search.

60.     Plaintiff appealed the decision, but the appeal was denied.

61.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A); § 552(a)(6)(C).

62.     Plaintiff seeks an order declaring that Defendant failed to conduct a reasonable search and ordering Defendant to do so.

## THIRD CAUSE OF ACTION

### Invalid Use of FOIA Exemptions

63.     Plaintiff incorporates the foregoing paragraphs herein.

64.     Defendant is a federal agency subject to FOIA.

65.     Plaintiff submitted a request. Through the Request, Plaintiff properly asked for public records within the possession, custody and/or control of Defendant.

66.     Defendant responded in part by withholding documents and/or portions of documents by asserting FOIA exemptions applied. Defendant also withheld documents in full.

67.     The burden is on the government to show that an exemption properly applies to the records it seeks to withhold.

68.     These exemptions do not apply. Defendant cannot satisfy its burden to demonstrate that the records withheld and/or the portion of the records redacted satisfy the prerequisites to apply the asserted exemptions. Defendant failed to produce a Vaughn index.

69.     Plaintiff appealed the decision, but the appeal was denied.

70.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A); § 552(a)(6)(C).

71.     Plaintiff seeks an order declaring that Defendant improperly asserted the aforementioned objections and overruling Defendant's assertion of the above exemptions.

## FOURTH CAUSE OF ACTION

### Failure to Segregate and Produce Non-Exempt Material

72.     Plaintiff incorporates the foregoing paragraphs herein

73.     Defendant is a federal agency subject to FOIA.

74.     Through the Request, Plaintiff properly asked for agency records within the possession, custody and/or control of Defendant.

75.     Defendant failed to segregate and produce non-exempt material in response to the Request.

76.     Defendant's failure to segregate and produce non-exempt material in response to the Request violates their obligations under FOIA. 5 U.S.C. § 552(b); id. § 552(a)(8).

77.     Plaintiff appealed the decision, but the appeal was denied.

78.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A); § 552(a)(6)(C).

79.     Plaintiff seeks an order declaring that Defendant failed to reasonably segregate exempt from non-exempt material and ordering Defendant to do so.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Order Defendant to conduct a reasonable search for all records responsive to Plaintiff's Request;

B.     Declare that Plaintiff is entitled to disclosure of the records responsive to the Request, and to disclose all non-exempt records responsive to the Request in their entirety, as well as all non-exempt portions of responsive records;

C.     Enjoin Defendant from continuing to withhold all non-exempt records or portions thereof responsive to Plaintiff's Request;

D.     Award Plaintiff reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.     Grant such other relief as the Court may deem just and proper.

Dated: April 3, 2024                    Respectfully submitted,


By: /s/ Mark L. Javitch

COMPLAINT                                        14                                        [Case No.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mark L. Javitch (CA# 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
EDMOND DADISHO

COMPLAINT                                                     15                                    [Case No.]